811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James BURKE, By and Through His Next Friend, Betty DRAVES,
Plaintiff-Appellant.
v.
GENERAL MOTORS CORPORATION, International Union United
Automobile, Aerospace and Agriculture Implement
Workers of America, and UAW Local 652,
Defendants-Appellees.
 No. 86-1147.
 United States Court of Appeals, Sixth Circuit.
 Dec. 29, 1986.
 
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff appeals a summary judgment in his hybrid action for breach of the duty of fair representation and for breach of a collective bargaining agreement under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185.
 
 
 2
 Plaintiff shot a co-worker at work in April 1982. The police arrived on the scene and shot plaintiff. As a result of this incident plaintiff was fired in July 1982 for having a weapon on company premises, which General Motors prohibits. Plaintiff was later tried for assault with intent to murder and was found not guilty by reason of insanity. Plaintiff received sick leave benefits while he recuperated from his gunshot wounds.
 
 
 3
 The union filed a grievance on plaintiff's behalf. The company denied the grievance at the first step, and the union decided not to pursue the grievance further. The union did not inform plaintiff that his grievance had been denied.
 
 
 4
 Plaintiff alleged in the district court that the union breached its duty of fair representation by failing to argue on his behalf that his insanity excused his violation of the rule against weapons. Plaintiff also alleged that the union breached its duty by taking plaintiff's signature on a blank grievance form and by failing to inform him that the company denied the grievance. Finally, he asserts that the union should have gotten him disability benefits because of his mental condition.
 
 
 5
 Upon a review of the record as a whole we agree with the district court in its determination that the union did not breach its duty of good-faith representation under the unusual circumstances of this case. For this reason and for the other reasons set forth in the careful opinion of United States District Judge Benjamin F. Gibson filed in the district court on January 15, 1986, the judgment of the district court is AFFIRMED.